Not Intended for Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JAMIE ALEXANDER JOHNSON, | |
| Petitioner, | Case No. 7:06CV00015 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | By: Norman K. Moon |
| Respondent. | United States District Judge |

Petitioner Jamie Alexander Johnson, a federal inmate acting pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). In his motion, Johnson asserts that his § 2255 motion is timely filed, pursuant to § 2255 para. 6(3), because he submitted it within one year of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (January 12, 2005). Because the court finds that *Booker* does not apply retroactively to Johnson's case, the court must summarily dismiss his § 2255 motion as untimely.

## I. Procedural History.

Johnson pled guilty on June 30, 2003, to drug and firearms offenses. The court sentenced Johnson on October 8, 2003, to a total of 135 months in prison.

Final judgment entered October 23, 2006. Johnson did not appeal. In his current motion, Johnson claims that: the indictment was invalid and his rights under the Due Process Clause and the Fifth Amendment were violated because the indictment did not specify an amount of drugs for which he was charged; the government breached the plea agreement by urging the court to enhance Johnson's sentence beyond his expectations when he signed the plea agreement; and his sentence was erroneously enhanced based on facts not admitted by Johnson or found by a jury. In support of all these claims, Johnson cites *Booker* and other cases.

Upon receipt of Johnson's § 2255 motion, the court conditionally filed the motion and notified Johnson that it appeared to be untimely filed. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). Johnson submitted an additional pleading on the issue of timeliness, citing *Booker*. The court has thoroughly reviewed all of his submissions and the court's record in the criminal action.

II. Analysis.

Johnson alleges that his sentence violates the rule in *Booker*. The Supreme Court, in its *Booker* decision, extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that *Booker* does not

- 2 -

Case 7:06-cv-00015-NKM-mfu   Document 5   Filed 04/11/06   Page 2 of 3   Pageid#: 41

apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive).

Johnson's conviction and sentence became final on or about November 6, 2003, when his opportunity to appeal his conviction expired. *See United States v. Clay*, 537 U.S. 522, 525 (2003). The *Booker* decision issued on January 12, 2005. Since Johnson's conviction became final prior to the decision in *Booker*, the court finds that *Booker* does not apply retroactively to Johnson's § 2255 motion for collateral review. Because *Booker* does not apply to Johnson's case, it also does not provide a basis on which to find his § 2255 motion timely under § 2255 para. 6(3), and his motion is clearly untimely under § 2255 para. 6(1). Furthermore, he does not allege any grounds upon which equitable tolling is warranted. *See Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000). The court will dismiss his § 2255 motion as untimely filed.

An appropriate Final Order will be entered herewith.

DATED: April 10, 2006.

*[signature]*
United States District Judge